**Clarence RUPERT, Appellant,**

v.

**TODD SHIPYARDS CORPORATION, a corporation, and Pacific Indemnity Company, a corporation, Appellees.**

**No. 15160.**

United States Court of Appeals
Ninth Circuit.

July 17, 1956.

McMurray, Brotsky, Walker, Bancroft & Tepper, Rubin Tepper, San Francisco, Cal., for appellant.

Weingand & Tipton, Los Angeles, Cal., for appellees.

Before DENMAN, Chief Judge, and STEPHENS and CHAMBERS, Circuit Judges.

DENMAN, Chief Judge.

Rupert recovered against the Todd Shipyards Corporation, his employer, hereafter the Shipyards, an award by a deputy commissioner under Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., hereafter the Act, for 100% permanent disability, under Section 908(a) of the Act, plus $2,000 for serious facial disfigurement under Section 908(c) (20) of the Act.

The Shipyards brought a civil suit at common law in the District Court below to enjoin the enforcement of that portion of the award for facial disfigurement. The suit was transferred by the District

Court to its admiralty side where it was tried in admiralty, both sides acquiescing and so proceeding therein. A decree was entered against Rupert on January 10, 1956. Rupert filed his notice of appeal 86 days later on April 6, 1956.

The Shipyards' motion for dismissal is based on the contention that the notice of appeal is too late because a suit to determine the validity of an award under the act is not in admiralty but a common law suit. Hence it claims the order transferring the suit to the admiralty side is invalid and though tried there as an admiralty proceeding it remained a common law civil suit in which the time for appeal is but 60 days under the first two paragraphs of 28 U.S.C. § 2107 and not the 90 days of an admiralty proceeding under the third paragraph.

Rupert contends (a) that the court had jurisdiction in admiralty to consider the seamen's claim under the Act and that his appeal is in time or (b) if it be not an admiralty proceeding it has not been tried at all and a dismissal of the appeal, if granted, should be without prejudice to a trial as a common law civil case.

■ We think the transfer to the admiralty side of the court and the acquiescence of the parties therein by their proceeding to litigate to the entry of the admiralty decree, made the proceeding one in admiralty. In 1931 in Crowell v. Benson, 285 U.S. 22, 27, 49, 52 S.Ct. 285, 76 L.Ed. 598, the Supreme Court held that the District Court sitting in admiralty had jurisdiction of claims under the Act and could exercise the power of injunction where required. In 1921, in Carlisle Packing Co. v. Sandanger, 259 U.S. 255, 259, 42 S.Ct. 475, 66 L.Ed. 927, a jury-tried common law suit brought by a seaman for damages from unseaworthiness of the vessel, the Supreme Court recognized the long established doctrine that common law suits on such rights in admiralty are within jurisdiction of the District Court.[1] That is to say, the District Courts could consider the claimed right either in admiralty or at common law.

■ We do not agree with appellees' contention that in 1939 the district courts were deprived of their admiralty jurisdiction of claims under the Act and confined to mere common law suits on such claims by a rule of the Supreme Court making the Rules of Civil Procedure, 28 U.S.C.A., applicable to cases under the Act. Originally by some oversight the Civil Rules did not apply to civil suits under the Act but in that year they were made to apply by an amendment of the rules.[2]

Obviously such an amendment of the rules was necessary for common law actions, but it seems to us unreasonable to contend that the mere implementation of common law suits constituted an overruling of the law established in Crowell v. Benson, supra, that the Act created a right enforcible in admiralty.

Shipyards cites nothing of the views of the committee drafting the amending rule supporting its contention and we can find nothing. Nor can we agree with Moore's unsupported footnoted dictum that such a claim should be considered only on the civil side of the court.[3]

The motion to dismiss is denied.

1. See review of such cases in Seas Shipping Co. v. Sieracki, 328 U.S. 85, 89, 66 S.Ct. 872, 90 L.Ed. 1099.

2. "(6) These rules apply to proceedings for enforcement or review of compensation orders under the Longshoremen's and Harbor Workers' Compensation Act, Act of March 4, 1927, c. 509, §§ 18, 21 (44 Stat. 1434, 1436), as amended U.S.C., Title 33, §§ 918, 921, except to the extent that matters of procedure are provided for in that Act. * * *" rule 81.

3. Moore's Federal Practice, Vol. 5, p. 289, Footnote 4.