Robert C. IMM, Sr.

v.

UNION RAILROAD COMPANY, a corporation, Appellant.

No. 13501.

United States Court of Appeals Third Circuit.

Argued April 4, 1961.

Decided April 24, 1961.

As Amended May 11, 1961.

---

12. Southern Pac. Co. v. Guthrie, 9 Cir., 1951, 186 F.2d 926.

Gilbert J. Helwig, Pittsburgh, Pa. (Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for appellant.

Dennis C. Harrington, Pittsburgh, Pa. (Gene K. Lynch, Thomas J. Joyce, McArdle, Harrington & McLaughlin, Pittsburgh, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

This appeal raises the very interesting question whether a suit under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. can be brought in federal court where the amount involved is less than $10,000. The plaintiff in this case sought damages for a sprained ankle and reduced earnings during the time he was recovering. In a nonjury trial he recovered a judgment for $500. At the defendant's request the trial judge made a finding that the amount in controversy was at all times less than $10,000.

The defendant makes two points. The first has to do with Section 6 of the FELA which provides that: "an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. * * *" 45 U.S.C.A. § 56.

The railroad contends that this is a venue provision and does not have anything to do with jurisdiction. It was called a venue provision by the Supreme Court in Baltimore & O. R. Co. v. Kepner, 1941, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28. The legislative history furnished us by the appellant's careful research and discussed in the case just cited shows pretty clearly that what Congress had in mind was an amendment to the statute following the decision of Cound v. Atchison, T. & S. F. R. Co., C.C.W.D.Tex.1909, 173 F. 527. The holding of the Court in that case required an injured plaintiff to sue his employer in the state of incorporation, an obvious hardship in some cases. So we agree with the appellant that Section 6 is a venue provision only even though very eminent authority has implied it has wider significance.[1]

The argument then turns to Section 1337 of the Judicial Code, 28 U.S.C. The relevant language follows: "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." Here the railroad argues that the phrase "acts regulating commerce" should be given a narrow meaning limited to statutes where the Congress has laid some positive regulations imposing a duty or prescribing some conduct. It points out that words in the Constitution and a statute do not necessarily carry

---

1. Hart & Wechsler, The Federal Courts and The Federal System 730, 731, n. 39 (1953).

the same meaning and calls our attention to Professor Wechsler's language in Federal Jurisdiction and the Revision of the Judicial Code, 13 Law & Contemporary Problems 216, 224–25.[2] We need not disagree with that general proposition but do not see how it affects us here. It is also urged that statutes conferring jurisdiction on federal courts who are, of course, courts of limited jurisdiction, should be narrowly interpreted and such narrow interpretation would lead us to impose the $10,000 requirement for foundation of jurisdiction.

Appellant concedes that very eminent authority has taken a position contrary to its view. Thus Professor Charles Bunn, in the Jurisdiction and Practice of the Courts of the United States 71–72 (1949) says:

"When the words were used in 1911 'acts regulating commerce' pretty clearly meant 'The Act to Regulate Commerce' * * *.

"Whether this was the original meaning or not, recent cases make it clear that it is not the present one. 'Acts regulating commerce' are coming rapidly to mean all acts whose constitutional basis is the commerce clause." [3]

Still later and more specifically he adds:

"An action by an employee of an interstate railroad against his employer for personal injury incurred in the line of duty depends on (and therefore 'arises under') the Federal Employers' Liability Act * * * which is 'an Act regulating commerce.' " Id. at 133.

See also, Barron & Holtzoff, Federal Practice and Procedure § 38 (1950); S. Rep. No. 1830, 85th Cong. 2d Sess. (1958), 2 U.S.Code Cong. & Adm.News p. 3103 (1958) (reporting the 1958 amendments to §§ 1331, 1332 of 28 U.S. C.—federal question and diversity jurisdiction).

That the statute is considered by the Supreme Court to be an act regulating commerce is shown in the discussion in both the employers' liability cases. Howard v. Illinois Cent. R. Co., 1908, 207 U.S. 463, 28 S.Ct. 141, 52 L.Ed. 297; Mondou v. New York, N. H. & H. R. Co., 1912, 223 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327.

We think that the Federal Employers' Liability Act is based on the power of Congress to regulate interstate commerce. If it is not that, there seems to be no basis for such legislation. Nor

---

**2.** See also, Romero v. International Terminal Operating Co., 1959, 358 U.S. 354, 363–368, 79 S.Ct. 468, 3 L.Ed.2d 368; 1 Moore, Federal Practice ¶ 0.60 [2] at 606–607 (2d ed. 1953).

**3.** Among the statutes which have been held to be acts "regulating commerce" under § 1337 and its predecessor are:

Agricultural Adjustment Act of 1938, 7 U.S.C.A. § 1281 et seq., in Mulford v. Smith, 1939, 307 U.S. 38, 59 S.Ct. 648, 83 L.Ed. 1092; Anti-Trust Acts, 15 U.S. C.A. §§ 1–33, in Parker v. Brown, 1943, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315; Carriage of Goods by Sea Act, 46 U.S. C.A. § 1300 et seq., in Crispin Co. v. Lykes Bros. Steamship Co., D.C.S.D.Tex. 1955, 134 F.Supp. 704; Civil Aeronautics Act, 49 U.S.C.A. § 401 et seq. (now 49 U.S.C.A. § 1301 et seq.), in Killian v. Frontier Airlines, Inc., D.C.D.Wyo.1957, 150 F.Supp. 17; Communications Act of 1934, 47 U.S.C.A. § 151 et seq., in Pugach v. Dollinger, 2 Cir., 1960, 277 F.2d 739,

affirmed per curiam, 365 U.S. 458, 81 S.Ct. 650, 5 L.Ed.2d 678; Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., in Johnson v. Butler Bros., 8 Cir., 1947, 162 F.2d 87, 172 A.L.R. 1157; National Labor Relations Act, 29 U.S.C.A. § 151 et seq., in Capital Service, Inc. v. N. L. R. B., 1954, 347 U.S. 501, 74 S.Ct. 699, 98 L.Ed. 887; Railway Labor Act, 45 U.S.C.A. § 151 et seq., in Felter v. Southern Pacific Co., 1959, 359 U.S. 326, 79 S.Ct. 847, 3 L.Ed.2d 854; Shipping Act, 46 U.S.C.A. § 801 et seq., in Pennsylvania Motor Truck Ass'n v. Port of Philadelphia Marine Terminal Ass'n, D.C.E.D. Pa.1960, 183 F.Supp. 910; Steamboat Inspection Laws, 46 U.S.C.A. § 404, in Bryant v. Rucker, D.C.S.D.Ala.1953, 111 F.Supp. 309; Tennessee Valley Authority, 16 U.S.C.A. §§ 831–831dd, in Grant v. TVA, D.C.E.D.Tenn.1941, 44 F.Supp. 589; United States Warehouse Act, 7 U.S.C.A. § 241 et seq., in Young & Jones v. Hiawatha Gin & Mfg. Co., D.C.S.D. Miss.1927, 17 F.2d 193.

do we think that a remedial statute of this kind should be so narrowly interpreted as to jurisdiction to oust federal courts of a type of litigation in which they necessarily become expert because they have so much of it. We think that there is jurisdiction in the federal district courts regardless of the amount claimed under the Federal Employers' Liability Act and we think such jurisdiction is in furtherance of the purpose of the statute.

All that we are deciding in this case is that a suit under the FELA is based upon a statute which is a regulation of interstate commerce coming under 28 U.S.C. § 1337 and that the jurisdictional amount of Section 1331 is not required. The impact of Section 1337 on the Jones Act cases will be considered when the problem presents itself. See Wade v. Rogala, 270 F.2d 280 (3d Cir.1959); Jordine v. Walling, 185 F.2d 662 (3d Cir.1950); Branic v. Wheeling Steel Corp., 152 F.2d 887 (3d Cir.1945), cert. denied, 327 U.S. 801 (1946). In those cases the application of § 1337 to the Jones Act was not raised.

The judgment of the district court will be affirmed.