Bernard BROWN, Plaintiff,

v.

**SINCLAIR REFINING COMPANY,**
Defendant.

United States District Court
S. D. New York.
March 26, 1964.

Sheldon Tabak, New York City, for plaintiff, T. Lawrence Tabak, New York City, of counsel.

Purdy, Lamb & Catoggio, New York City, for defendant, Vincent A. Catoggio, New York City, of counsel.

SUGARMAN, District Judge.

On August 28, 1963 plaintiff, Bernard Brown, filed a complaint in this court against defendant, Sinclair Refining Company. It set forth four "causes of action". It alleged for a first cause of action that defendant is a New York corporation with an office and principal place of business in this district (¶ 1); the ownership (¶ 2), operation, management and control (¶ 3), of the SS M. L. GOSNEY; jurisdiction under the Jones Act, Title 46 U.S.C. § 688 (¶ 4); plaintiff's employment as a seaman and member of the crew (¶ 5); plaintiff's injuries during the period June 7, 1962 to November 23, 1962 (¶ 6); due to defendant's negligence in not maintaining proper ventilation on the vessel (¶ 7); the unseaworthiness of the vessel "by reason of the aforesaid" (¶ 8); and "by reason of the foregoing" the plaintiff's hospitalization, disablement from employment and need for further medical care, "all to his damage in the sum of Five Thousand Dollars" (¶ 9).

The complaint set forth for a second cause of action a reiteration of the allegations in ¶¶ 1 through 5 above (¶ 10); "an aggravation to pre-existing non-disabling injuries" during the period June 7, 1962 to November 23, 1962 (¶ 11); a reiteration of the allegations in ¶ 7 above (¶ 12); the unseaworthiness of the vessel "by reason of the aforesaid" (¶ 13); and the plaintiff's hospitalization, disablement from employment and need of further medical care, "all to his damage in the sum of Five Thousand Dollars" (¶ 14).

The complaint set forth for a third cause of action a reiteration of the allegations in ¶¶ 1 through 6 above (¶ 15); the plaintiff's immediate report of his injuries and request for proper and adequate medical attention and defendant's failure to supply same and continuation of plaintiff on full duty for the entire voyage (¶ 16); the unseaworthiness of the vessel "by reason of the aforesaid" (¶ 17); and an aggravation and prolongation of plaintiff's injuries, the suffering by plaintiff of unnecessary pain and anguish by reason thereof and plaintiff's hospitalization, disablement from employment and need of further medical care "all to his damage in the sum of Five Thousand Dollars" (¶ 18).

The complaint set forth for a fourth cause of action a reiteration of "all of the foregoing paragraphs of the complaint" (¶ 19); defendant's duty to provide plaintiff with maintenance and cure (¶ 20); and defendant's failure and refusal to supply plaintiff with expenses of his maintenance and cure, "all to his damage in the sum of Five Thousand Dollars" (¶ 21).

The complaint then demanded judgment for twenty thousand dollars, costs and disbursements.

The defendant filed its answer on October 18, 1963 setting forth admissions, denials and separate and affirmative defenses, the third of which states:

"The amount in dispute in this suit does not exceed $10,000.00 exclusive

of interest and this Court lacks jurisdiction."

Defendant now moves for an order under Title 28 U.S.C. § 1331 and F.R. Civ.P. 8(a)(1)

"dismissing the complaint herein because this Court lacks jurisdiction over the subject matter of the suit"

and under F.R.Civ.P. 56

"for summary judgment and an order dismissing the third and fourth causes of action on the merits and for such other and further relief in the premises as may be proper."

Defendant's counsel submits his affidavit in support of the motion in which he, in urging the requested dismissal of the fourth cause of action for maintenance and cure avers that on December 14, 1962 plaintiff sued defendant in the Civil Court of the City of New York for "maintenance" and was paid $144, the amount demanded in that suit, all of which plaintiff's counsel admitted in a letter sent to defendant on July 18, 1963. Defendant's counsel attaches to his affidavit a certificate from the U. S. Public Health Service Hospital in Baltimore, Maryland, indicating that plaintiff was marked "fit for duty" on October 22, 1962 and another certificate from the U. S. Public Health Service Outpatient Clinic in New York, indicating that plaintiff was marked "not fit for duty" on November 28, 1962 and "fit for duty" on December 11, 1962. Upon these, defendant's counsel argues, plaintiff received the full extent of the maintenance and cure to which he was entitled and that "the fourth cause of action must be dismissed on the merits".

Plaintiff's counsel meets this contention by his affidavit in opposition to the motion, in which he admits the earlier suit and defendant's payment of the amount therein sought, but avers that that sum covered only the period from November 24, 1962, when plaintiff left the vessel, through December 11, 1962, when plaintiff was marked fit for duty by the New York Outpatient Clinic.

The last certification that plaintiff was "fit for duty" on December 11, 1962, to which date defendant paid maintenance and cure, is not conclusive. And even if it be accepted for the purposes of this motion as establishing that fact, it still would not support a summary judgment for defendant on the fourth count of the complaint for, as was held in Farrell v. United States, 336 U. S. 511, 519, 69 S.Ct. 707, 711, 93 L.Ed. 850 (1949), if a seaman entitled to and who has received maintenance and cure "receives future treatment of a curative nature he may * * * recover in a new proceeding the amount expended for such treatment and for maintenance while receiving it". The fact question remains for decision by trial whether defendant has discharged its obligation to provide "actual maintenance and cure, or its equivalent in money, up to the time when the seaman has recovered from his disability to the extent it is reasonable to believe recovery under treatment is possible". Muruaga v. United States, 172 F.2d 318, 321 (2d Cir. 1949). Thus, whether December 11, 1962 is that date, as defendant claims and plaintiff denies, presents a triable issue of fact compelling denial of defendant's motion for summary judgment on the plaintiff's fourth cause of action.

Defendant's counsel's attack in his affidavit in support of the motion, upon the plaintiff's third cause of action is that plaintiff's allegation that "defendant 'failed and neglected to supply the plaintiff with proper and immediate medical care and attention; and moreover continued the plaintiff on full duties and caused the plaintiff to remain on the vessel for the entire voyage' is wreckless [sic] and with no support in fact" and "must be dismissed on the merits". Here defendant relies on the certificate of the U. S. Public Health Service Hospital, Baltimore, Maryland, dated October 22, 1962 indicating that plaintiff was then marked "fit for duty". Defendant's counsel argues that "at the time, the ship was sailing coastwise from Baltimore to Houston, Texas and the plaintiff

was at liberty to leave the vessel in Baltimore. Instead when he got back to the ship from the hospital he elected to stay on and he then sailed again to Houston and back again to Baltimore. He resigned on November 23, 1962. Up until the time he resigned he made no further complaints". Plaintiff's counsel meets the issue by pointing to the allegation in the complaint "that plaintiff complained of his symptoms aboard the vessel" and argues that it thereby became defendant's duty to afford plaintiff treatment therefor whether he requested it or not.

■ If plaintiff improvidently undertook to complete the voyage as defendant contends, that action by plaintiff would go to the measure of plaintiff's damages —i. e., comparative negligence—a triable issue of fact. Whether plaintiff complained of symptoms during the voyage and whether defendant did not afford that degree of medical care which a prudent person would have done under like circumstances, whether requested or not by plaintiff, present further issues of fact to be resolved only at a trial.

Accordingly, defendant's motion for summary judgment on the third cause of action must be denied.

The parties will have to be content with the court's understanding of the triable issues of fact presented, because both counsel chose not to supply the court with the "separate, short and concise statement of the material facts" required by General Rule 9(g) of this court.

I understand the theory of defendant's motion to be that had defendant succeeded in its motion for summary judgment dismissing the plaintiff's third and fourth causes of action the remaining first and second causes of action would aggregate exactly $10,000 exclusive of interest and costs and the complaint would thus fail to allege the requisite sum due necessary to vest this court with jurisdiction of plaintiff's claim, as so reduced, under Title 28 U.S.C. § 1331, citing Salkind v. Trafalgar Hospital, 322 F.2d 947 (2d Cir. 1963).

The survival of the third and fourth causes of action does not dispose of the matter because defendant in its third affirmative defense and in the first branch of its motion seeks dismissal of the complaint for failure in its entirety to allege the jurisdictional amount in excess of $10,000.

F.R.Civ.P. 12(h) requires that the suggestion of lack of jurisdiction be determined. Moore's Manual Fed. Pr. and Proc. 256.

■ The plaintiff with refreshing candor has evaluated his damages as $5000 in each of his four causes of action and has demanded a total of $20,000. The amount claimed in the prayer for relief does not of itself determine the jurisdictional amount. New York Life Ins. Co. v. Johnson, 255 F. 958 (8th Cir. 1919).

If this complaint, on its face contradicts the general allegation of damages of $20,000 contained in the prayer for relief and if assertion of a claim in excess of $10,000 is required and the complaint fails to state it, plaintiff may find himself paying a large price for his candor. Cf. Cohn v. Cities Service Co., 45 F.2d 687 (2d Cir. 1930).

Properly pleaded this complaint would set forth three claims, each in a separate count. F.R.Civ.P. 10(b). One count would plead the alleged negligence of defendant and unseaworthiness of the vessel by reason of improper ventilation of the vessel. Another count would plead the alleged failure to treat. Another count would plead the maintenance and cure claim.

■ The maintenance and cure count demanding $5000 damages cannot be reckoned in determining the amount claimed for jurisdictional purposes. There being no showing in the complaint of diversity of citizenship of plaintiff and defendant, jurisdiction of the count pleaded by the fourth cause of action is pendent and its acceptance in an action at law in this court depends upon the proper allegation of a separate claim under the Jones Act. Romero v. International Term. Co., 358 U.S. 354, 381, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959).

The separate count spelled out by the third cause of action alleges that from June 7, 1962 to November 23, 1962, after plaintiff immediately reported his injuries and disabilities to his superior officers and requested adequate medical care, defendant (a) failed to afford plaintiff proper and immediate medical care, (b) continued plaintiff on full duties, and (c) caused plaintiff to remain on the vessel for the entire voyage. It is alleged that this constituted defendant's negligence and the unseaworthiness of the SS M. L. GOSNEY. It is alleged further that this caused plaintiff to suffer aggravated and prolonged injuries, unnecessary pain and anguish, and permanent personal injuries, resulting in his (a) hospitalization, (b) disablement from employment, and (c) need for further medical care and attention, all to his damage in the sum of $5000.

This count is distinguishable from that stated in the combination of the first and second causes of action because the negligence and unseaworthiness charged are based upon failure to afford plaintiff proper and adequate medical care and attention. Thus the $5000 damages here claimed may be properly included in determining whether there is the allegation of an adequate jurisdictional amount, if such allegation is required. 1 Moore's Federal Practice, 2d Ed. 882.

The remaining count is made up of the combination of the first and second causes of action. Both of these allege that defendant was negligent and the SS M. L. GOSNEY was unseaworthy because from June 7, 1962 to November 23, 1962 defendant (a) maintained the ship's ventilating system in a state of disrepair, (b) loaded gas and other materials emitting fumes without precautions, and (c) allowed the condition to exist for more than a reasonable time. While the first cause of action alleges that plaintiff was thereby caused permanent personal injuries and the second alleges that he suffered an aggravation of pre-existing, non-disabling injuries, they both allege

the identical results of (a) hospitalization of plaintiff, (b) his disablement from employment, and (c) his need for further medical care and attention, and they each demand $5000 in damages.

This count is distinguishable from that stated in the third cause of action supra because the negligence and unseaworthiness here charged are based upon failure to provide proper ventilation. Thus the damages here claimed may be properly included in determining whether there is the allegation of an adequate jurisdictional amount.

Although split into the first and second causes of action, the allegations thereof really state only one claim for damages. In Payne v. New York, S. & W. R. R. Co., 201 N.Y. 436, 95 N.E. 1935 (1911), cited with approval in Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 322, 47 S.Ct. 600, 71 L.Ed. 1069 (1927), the rule is stated to be:

"Thus, although there may be various grounds of liability, there can be but one cause of action and one recovery. The complaint * * * sets forth facts which render the defendant liable at common law. * * * under the employer's liability act * * * and * * * within the rule of the federal statute. Suppose the plaintiff proves them all. Does that establish three distinct rights in the plaintiff, or three independent wrongs against the defendant, or support three separate recoveries? Obviously there is but one primary right, one primary wrong, and one liability."

Cf. Original Ballet Russe, Ltd. v. Ballet Theatre, Inc., 133 F.2d 187 (2d Cir. 1943).

The papers before me do not enable me to determine whether this claim asserts damages totaling $5000 or $10,000. If the former, then the two claims made up of the first, second and third causes of action do not allege damages in excess of $10,000; if the latter, they do. However, it is my view that in either event the complaint is good.

Although it has been held that a Jones Act claim is one of which this court has jurisdiction under Title 28 U.S.C. § 1331 which by its very language requires assertion of damages in excess of $10,000 exclusive of interest and costs, Branic v. Wheeling Steel Corporation, 152 F.2d 887 (3d Cir. 1945), cert. denied, 327 U. S. 801, 66 S.Ct. 902, 90 L.Ed. 1026 (1946), the vitality of that rule has been sapped by a more recent holding of the same circuit, Imm v. Union R. R. Co., 289 F.2d 858 (3d Cir. 1961), cert. denied, 368 U.S. 833, 82 S.Ct. 55, 7 L.Ed.2d 35 (1961).

In the Imm case it was squarely held that an F.E.L.A. case (Title 45 U.S.C. § 51 et seq.) is based upon Title 28 U. S.C. § 1337 and that allegation of the jurisdictional amount required by Title 28 U.S.C. § 1331 is not required.

■■■■ Fully conscious of the *caveat* contained in the last paragraph of the Imm decision, I am constrained to apply the rationale of that decision to this Jones Act case because, as defendant admits in the affidavit in support of its motion, the plaintiff was engaged only in an interstate voyage, viz., "at the time, the ship was sailing coastwise from Baltimore to Houston, Texas". Under the Jones Act the seaman has the benefit of "all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees \* \* \*." and this of course includes the F.E.L.A.

The conclusion, therefore, appears inescapable that this complaint even though it were held to allege damages not in excess of $10,000, vests this court with jurisdiction.

I reach this conclusion with some reluctance expecting that it may open the flood-gates to coastwise seamen's suits involving minimal damages, thereby adding to the caseloads of already overburdened district courts in metropolitan areas. It remains for Congress to correct that condition if it arises.

The motion is denied. It is so ordered. No further order is necessary.