**John McCORD, Plaintiff,**

v.

**MOORE–McCORMACK LINES, INC.,**
**Defendant.**

United States District Court
S. D. New York.
June 11, 1965.

Zimmerman & Zimmerman, New York City, for plaintiff, Morris Cizner, New York City, of counsel.

David P. Dawson, New York City, for defendant.

SUGARMAN, District Judge.

John McCord commenced an action for personal injuries sustained by him while a member of the crew of the S.S. MOORE MACREED, a vessel owned, operated and controlled by the defendant, Moore-McCormack Lines, Inc. He claimed $50,000 damages for personal injuries in a "First Cause of Action" and $50,000 damages for wages and maintenance and cure in a "Second Cause of Action". Damages under the "First Cause of Action" were stated to include past and future inability of plaintiff "to pursue his usual vocation".

The "First Cause of Action" alleged in Paragraph IV:

"That plaintiff elects to maintain this action under the provisions of Section 33 of the Merchant Seamen's Act of June 5th, 1950, [1920], C. 250, 41 Stat. 1007, otherwise known as the 'Jones Act' and also claims damages on the grounds of the unseaworthiness of the vessel referred to herein."

The allegation was reiterated by incorporation into the "Second Cause of Action". In the pretrial order entered herein the plaintiff's claims for damages were stipulated to be:

(a) wages lost during the period April 16, 1959 (the date of plaintiff's injury) to September 6, 1959 (when plaintiff returned to regular employment as a seaman—although his testimony indicated that he returned to regular employment on September 3, 1959), totalling approximately $2,500;

(b) future lost wages;

(c) past medical and hospital expenses;

(d) future medical and hospital expenses;

(e) past pain and suffering;

(f) future pain and suffering.

There was no proof at the trial of any damages under categories (b), (c) and (d), and at the trial plaintiff asserted damages only in categories (a), (e) and (f).

Accordingly, the case was tried substantially on the "First Cause of Action" under the Jones Act for negligence and the general maritime law for unseaworthiness. The jury brought in a general verdict in the plaintiff's favor for $2,500.

Therefore, the court sua sponte advised counsel that it would take under advisement whether plaintiff should recover costs against the defendant and whether the defendant's costs should be imposed upon the plaintiff in line with the amendments to 28 U.S.C. §§ 1331 and 1332 by Pub. L. 85–554.

■ Section 1332 of Title 28 U.S.C. is inapplicable because diversity of citizenship was neither pleaded nor proved.

■ On the other hand, Section 1331 of Title 28 U.S.C. is applicable since one basis for jurisdiction was specifically stated in the complaint to be the Jones Act.

As was pointed out in Black and Gilmore, The Law of Admiralty, 385:

"In non-diversity cases, the Court's jurisdiction (when the case is not brought in admiralty) must be based on Section 1331 which gives the district courts original jurisdiction of 'all civil actions wherein the matter in controversy * * * arises under the Constitution, laws or treaties of the United States.' Actions brought under the Jones Act fall within the jurisdictional grant, since it is established that an action brought under a federal statute 'arises under the * * * laws * * * of the United States,' within the meaning of Section 1331."

■ If this suit had been predicated solely on the Jones Act, the power vested in the court to deny the plaintiff costs

(his recovery being for less than $10,000) and to impose upon him the defendant's costs, would be undeniable.

In the Senate report on Pub. L. 85–554 (1958 U. S. Code Cong. & Adm. News, p. 3099), it was recognized that " * * * the only significant categories of 'Federal question' cases subject to the jurisdictional amount are suits under the Jones Act * * *."

However, since the complaint alleged also unseaworthiness under the general maritime law and the case was given to the jury on that additional basis, the question arises whether the sanction power vested by 28 U.S.C. § 1331(b) is lost inasmuch as a claim for unseaworthiness does not arise under the Constitution, laws or treaties of the United States. Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L. Ed.2d 368 (1959).

 It is my view that the power survives because the unseaworthiness claim under the general maritime law is "pendent" to the claim under the Jones Act. Romero v. International Terminal Operating Co., supra, at 380, 79 S.Ct. 468; Troupe v. Chicago, D. & G. Bay Transit Co., 234 F.2d 253 (2d Cir. 1956).

When Pub. L. 85–554 was enacted, it not only added subdivision (b) to each of Sections 1331 and 1332 of Title 28 U.S.C. but also increased the minimum jurisdictional amount in both federal question and diversity cases from $3,000 to $10,000, exclusive of interest and costs. The purpose of the legislation was stated to be "aimed at deterring the filing of inflated claims so made in order to bring the action in the district courts", by the means of denying costs to the plaintiff or imposing costs upon the plaintiff (1958 U.S. Code Cong. & Adm. News, supra). The increase in jurisdictional amount and the granting of power to impose sanctions as to costs was intended so that the federal courts not "fritter away their time in the trial of petty controversies". This case warrants the exercise of that power.

Accordingly, the plaintiff shall recover from the defendant the amount of the verdict, to wit, $2,500, without costs and disbursements, and the defendant shall recover from the plaintiff its costs and disbursements to be taxed, and the plaintiff's judgment shall be reduced accordingly and entered for the balance, to wit, the verdict less the defendant's costs.

It is so ordered. No further order is necessary.