Harry G. BALLARD, Plaintiff,

v.

MOORE–McCORMACK LINES, INC.,
Defendant.

No. 66 CIV 118.

United States District Court
S. D. New York.

May 24, 1968.

Abraham E. Freedman, by Edward M. Katz, New York City, for plaintiff.

Browne, Hyde & Dickerson, by John H. Reilly, Jr., New York City, for defendant.

## OPINION

MOTLEY, District Judge.

This is an action at law by a seaman seeking to recover damages for the alleged negligence of defendant, a ship owner, and for the alleged unseaworthiness of its vessel. Plaintiff predicated jurisdiction in this court on "the Admiralty Law as modified by the Jones Act."

At the commencement of the trial, defendant moved to dismiss the action for the reason that the total damages sought to be recovered does not exceed the jurisdictional amount of $10,000 (exclusive of interest and costs) required by 28 U.S.C. § 1331(a).[1] Plaintiff opposed the motion on two grounds: 1) it was tardy; and 2) no jurisdictional amount is required under the Jones Act. 46 U.S.C. § 688.[2]

Prior to the trial, defendant served interrogatories on the plaintiff. Question 3(a) of the interrogatories reads as follows: "State separately and describe fully each injury which plaintiff will claim upon the trial of this action

1. "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

2. "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

he sustained in the occurrence referred to in the complaint and which of same plaintiff will claim to be permanent." In his answers to the interrogatories, plaintiff replied: "Injury to right great toe nail. Plaintiff will claim minimal disability."

In the pretrial order in this case, plaintiff set forth his damage claims as follows:

| | |
|---|---|
| Past loss of earnings | $900.00 |
| Pain and Suffering | $7,500.00 |
| TOTAL | $8,400.00 |

The total damages sought in this action at law is, thus, clearly below the jurisdictional minimum prescribed by 1331(a). The question whether an action under the Jones Act, which guarantees a seaman a right to a trial by jury of his negligence claims, must meet the jurisdictional amount prerequisite of 1331(a) does not appear to have been squarely passed upon by either the Court of Appeals for the Circuit or the United States Supreme Court. As a result, two opposing views permeate the reported cases and the treatises on federal jurisdiction. One view holds 1331(a) and its jurisdictional amount applicable to Jones Act actions at law; the other view holds the jurisdictional amount inapplicable to law actions, but the reasons for so holding vary.

■ This court holds: 1) lack of jurisdiction may be raised at any time;[3] 2) for the reasons set forth below, an action under the Jones Act need not meet the jurisdictional amount requirement of 1331(a).

■ In general, to vindicate a maritime tort claim, a seaman might have a choice of five possible remedies. The first one of these is the historic suit in admiralty before the United States District Court sitting without a jury and applying the rules of the maritime law. Swanson v. Marra Bros., 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045 (1946). Four other remedies afford the ·seaman a

trial by jury. By joining a cause of action for negligence under the Jones Act against his employer with the traditional maritime tort claim of unseaworthiness of the vessel and/or a claim for maintenance and cure, seamen are able to present all of these causes of action to a jury in a federal district court. Fitzgerald v. United States Lines Co., 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). If the seaman prefers to obtain a jury trial in the state court, he may proceed, where he is able to do so, under the Jones Act, Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942), or under the "saving to suitors" clause. Chelentis v. Luckenbach SS Co., 247 U.S. 372, 38 S.Ct. 501, 62 L.Ed. 1171 (1917). This clause is found in the federal statute conferring on federal disrtict courts exclusive admiralty and maritime jurisdiction but "saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1); Waring v. Clarke, 46 U.S. 441, 461, 12 L.Ed. 226 (1847); Paduano v. Yamashita Kisen Kabushiki Kaisha, 221 F.2d 615 (2d Cir. 1955). Also, a jury trial may be had in the federal district court where there is diversity of citizenship and the seaman can invoke the "saving to suitors" clause. 28 U.S.C. § 1333; Atlantic and Gulf Stevedores, Inc. v. Ellerman Lines, Ltd. and City Line, Ltd. 369 U.S. 355, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962); Chelentis v. Luckenbach SS Co., supra; Paduano v. Yamashita Kisen Kabushiki Kaisha, supra. Finally, where the vessel is at least 20 tons, "enrolled and licensed for the coasting trade, and employed in the business of commerce and navigation between places in different states upon the lakes and navigable waters connecting said lakes, the trial of all issues of fact shall be by jury if either party demands it." 28 U.S.C. § 1873.

■ Except for the three instances cited, supra, present jurisdictional doctrine and statutes afford no other avenue

---

3. Panama R. Co. v. Johnson, 289 F. 964 (2d Cir. 1923), aff'd 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748 (1924). F.R. Civ.P. Rule 12(h) (3).

for obtaining jury trials of general maritime claims on the law side of a federal district court. This is so because a suit based solely upon the general maritime law does not arise "under the Constitution, laws, or treaties of the United States" and must be heard in admiralty where, traditionally, such claims are heard by the court sitting without a jury. Romero v. International Terminal Operation Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). Absent diversity of citizenship, the only way to secure a jury trial in the federal courts for general maritime claims is to sue under the Jones Act or 28 U.S.C. § 1873 (where the special conditions are present) and attach the maritime claims as pendent thereto. *Romero,* supra; *Fitzgerald,* supra.

■ Because a case arises under the law which creates the cause of action, American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916) or, alternatively, because a case arises under a law when the determination of the outcome of the case involves the validity, construction, or application of that law, Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205 (1912), a suit under the Jones Act is properly regarded as one arising under a law of the United States within the intendment of 28 U.S.C. § 1331. Branic v. Wheeling Steel Corp., 152 F.2d 887 (3rd Cir. 1945), cert. denied, 327 U.S. 801, 66 S.Ct. 902, 90 L.Ed. 1026; McCarthy v. American Eastern Corp., 175 F.2d 724 (3rd Cir. 1949), cert. denied, 338 U.S. 868, 70 S.Ct. 144, 94 L.Ed. 532, rehearing denied, 338 U.S. 939, 70 S.Ct. 343, 94 L.Ed. 579. Gilmore and Black, The Law of Admiralty, c. VI, § 6–62, p. 385 (1957).

In Panama Railroad Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748 (1924) affirming 289 F. 964 (2d Cir. 1923) where the amount in controversy in that case exceeded the then existing

jurisdictional floor, Justice Van Devanter states, explicitly, that an action under the Jones Act arises under a law of the United States and, therefore, falls within the general federal question jurisdiction; but the question whether the jurisdictional amount was a necessary prerequisite was not decided. (at 383).

Since the federal question jurisdictional statute, 28 U.S.C. § 1331(a), requires that the amount in controversy exceed $10,000 (exclusive of interests and costs), courts and commentators have gone on to hold, or imply, that damage claims under the Jones Act must exceed the jurisdictional amount when the action is brought on the civil side of the court. Wade v. Rogala, 270 F.2d 280 (3rd Cir. 1959); McCarthy v. American Eastern Co., supra, 175 F.2d at 726–727; Mullen v. Fritz Simons & Connell Dredge & Dock Co., 172 F.2d 601, 603 (7th Cir. 1948), cert. denied, 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed. 1758 (1949); McCord v. Moore-McCormack Lines, Inc., 242 F.Supp. 493 (S.D.N.Y.1965); Turner v. Wilson, Line of Massachusetts, 142 F.Supp. 264 (D. Mass. 1956), affirmed on other grounds, 242 F.2d 414 (1st Cir. 1957); Rowley v. Sierra S.S. Co., 48 F.Supp. 193, (N.D. Ohio 1942); Sen.Rep. No. 1830, 85th Cong.2d Sess. 1958; U.S.Code Congressional and Administrative News, 1958, pp. 3099, 3103, 3112–13.

But this line of authority is not uniform and is opposed by other decisions and many of the commentators.[4] The basis of the reasoning that no jurisdictional amount is requisite under the Jones Act is founded upon diverse and opposing theories. One view has it that a Jones Act action is a maritime action and that district courts have original jurisdiction of it, regardless of amount, by virtue of the admiralty and maritime jurisdiction, 28 U.S.C. § 1333. McMenamin v. McCormick S.S. Co., 37 F.Supp. 908 (N.D.Cal.1941); see Comments, The Tangled Seine, 57 Yale Law Journal 243,

---

4. *No jurisdictional amount is required for* a Jones Act action. Norris, The Law of Seamen, Vol. 2, § 676, p. 831 (2d ed.

1962); Hart, Foreword: The Time Chart of the Justices, 73 Harv.L.Rev. 84, 143, 145 (1959).

265 (1947) at footnote 109. This view is given some plausibility by Chief Justice Marshall's holding that the admiralty and maritime jurisdiction is distinct from the federal question jurisdiction, American Ins. Co. et al. v. 356 Bales of Cotton, 1 Pet. 511, 544, 7 L.Ed. 242, 255 (1828); by the decision in *Romero*, supra, that admiralty and maritime rights do not arise under the Constitution and laws of the United States; and by the Justice Devanter's rulings in *Panama Railroad Co.*, supra, that Congress has the power "to alter, qualify, or supplement" the general maritime law, at pp. 386, 388, 44 S.Ct. 391, and that the Jones Act in " * * * its origin, environment, and subject-matter shows that it is intended to, and does, bring the rules to which it refers into the maritime law," supra, 264 U.S. at 389, 44 S.Ct. at 395. "True", Justice Van Devanter said, "they are not in so many words made part of that law; but an express declaration is not essential to make them such." 264 U.S. at 389, 44 S.Ct. at 395. Jurisdiction of Jones Act cases are alleged to come under the maritime jurisdiction of the district court and therefore no jurisdictional amount is necessary. 56 Harv.L.Rev. 1161 (1943).

Supreme Court cases, subsequent to *Panama Railorad,* supra, fail to state, explicitly, whether jurisdiction under the Jones Act rests under the federal question jurisdiction or the maritime jurisdiction or both. Hart and Wechsler, The Federal Court and the Federal System, (1953) p. 786, suggests a doubt about Jones Act actions arising under § 1331.[5] This doubt is further underscored by subsequent Supreme Court cases affirming that the Jones Act rests, in part, upon

Congressional authority, pursuant to Article 3, ¶ 2, (the admiralty and maritime clause) and Article 1, ¶ 8, cl. 18, (the necessary and proper clause) to enact laws pertaining to admiralty and maritime matters. O'Donnell v. Great Lakes Dredge & Dock Co., 318 U.S. 36, 63 S.Ct. 62, 87 L.Ed. 496 (1943) and cases cited therein; Swanson v. Marra Brothers, 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045 (1946). To sustain the constitutionality of the Jones Act, the Supreme Court has held that a Jones Act action may be brought on the admiralty side of the district court. Panama Railroad, supra, 264 U.S. at 390–391, 44 S.Ct. 391. The fact that it may also be brought on the civil jury side does not argue against the Jones Act arising under the admiralty and maritime jurisdiction because nothing in federal statutory law or in the Constitution forbids jury trials in admiralty cases. Fitzgerald v. United States Lines, supra, 374 U.S. at p. 20, 83 S.Ct. 1646, 10 L.Ed.2d 720. However, even though the Jones Act was enacted in part pursuant to the admiralty powers conferred by the Constitution, it does not follow, automatically, that the admiralty and maritime jurisdiction conferred by 28 U.S.C. § 1333 contemplates jurisdiction over statutory maritime causes of action.[6] See Panama Railroad, supra, and Crowell v. Benson, 285 U.S. 22, 45, 49, 52 S.Ct. 285, 76 L.Ed. 598 (1931), the latter dealing with the Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. See generally, Rupert v. Todd Shipyards Corp., 236 F.2d 559 (9th Cir. 1965).[7]

The difficulties with the above theory have been bypassed by another theory which states that the Jones Act is controlled by 28 U.S.C. § 1331 but that it

5. Wechsler, Federal Jurisdiction and the Revision of the Judicial Code, 13 Law and Contemporary Problems, 216, 226 (1948), lists Jones Act cases as among those cases where federal question, 28 U.S.C. § 1331, is the basis of jurisdiction.

6. See the criticism of founding jurisdiction of Jones Act suits under 28 U.S.C. § 1333 in Rowley v. Sierra S. S. Co., 48 F.Supp. 193, 196 ft 1 (N.D. Ohio, 1942).

7. Statutory causes of action of a maritime character founded on acts of Congress are maintainable in the district courts by virtue of 28 U.S.C. § 1331. Currie, The Silver Oar and All That: A Study of the Romero Case, 27 Univ. of Chicago L.Rev. 1, 5 (1959).

is excepted from the jurisdictional amount requirement because the Jones Act, itself, grants jurisdiction.[8] Moore, Federal Practice (2d ed. 1967), Vol. 5, ¶ 38.35(4), p. 282; see The Tangled Seine, 57 Yale L.J. 243, 265–267 (1947). The principal and authoritative argument against this theory is the Supreme Court's consistent holding that the Jones Act provision referring to "jurisdiction" is to be construed as meaning venue. Panama Railroad, supra, 264 U.S. 384–385, 44 S.Ct. 391; Pure Oil Co. v. Suarez, 384 U.S. 202, 203, 86 S.Ct. 1394, 16 L.Ed. 2d 474 (1966).

A third argument that no jurisdictional amount is necessary rests on the proposition that 28 U.S.C. § 1337 creates exceptions to 28 U.S.C. § 1331 for " * * * Act(s) of Congress regulating commerce * * * ", and that the Jones Act is an act of Congress regulating commerce.[9] The view has enjoyed wide support. Richardson v. St. Charles-St. John The Baptist B & F Auth., 274 F.Supp. 764, 767–769 (E.D.La.1967); Wright, Federal Courts, (1963), p. 92; Barron and Holtzoff, (Wright ed. 1960), Federal Practice and Procedure, Vol. I, ¶ 32, pp. 180–181.

A fourth view on this subject was apparently advanced in this District by Chief Judge Sugarman in Brown v. Sinclair Refining Co., 227 F.Supp. 714 (S.D.N.Y.1964). There, Judge Sugarman cited the holding of Imm v. Union R. R. Co., 289 F.2d 858 (3rd Cir.), cert. denied, 368 U.S. 833, 82 S.Ct. 55, 7 L.Ed.2d 35 (1961) that Federal Employers' Liability Act (FELA) cases need not satisfy the jurisdictional amount requirement. Judge Sugarman then concluded that since, under the Jones Act, seamen have

the benefit of all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railroad employees and this includes the FELA, no jurisdictional amount is required in a Jones Act case.[10] That decision, however, apparently was overruled, *sub silento*, the following year in another Jones Act suit decided by Judge Sugarman, McCord v. Moore-McCormack Lines, Inc., 242 F.Supp. 493 (S.D.N.Y.1965), where after a jury verdict for less than the jurisdictional amount, Judge Sugarman, *sua sponte*, imposed costs upon the plaintiff. 28 U.S.C. § 1331(b).

■ Of the four theories supporting jurisdiction of Jones Act suits without satisfaction of the jurisdictional amount, the court adopts the third one, namely, the Jones Act is an act of Congress regulating commerce and, therefore, under 28 U.S.C. § 1337, no jurisdictional amount is necessary. The first theory is open to the two-fold objection that statutory maritime causes of action are cognizable under § 1331 and that 28 U.S.C. § 1333, properly construed and interpreted in the light of its history, does not extend to congressionally created maritime causes of action. The second theory that the Jones Act confers jurisdiction is refuted by the decisions of the Supreme Court and, unlike the commentators, the court is bound by that contrary holding. The fourth theory, put forth in our own District, is vulnerable to the argument that though Jones Act claimants are entitled to the benefits provided by the FELA to its claimants, yet the fact is that 28 U.S.C. § 1337, rather than FELA, itself, grants jurisdiction of

---

8. The Jones Act, 46 U.S.C. § 688, states: " * * * Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

9. 28 U.S.C. § 1337 provides: "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

10. It is also possible to read Judge Sugarman's decision as concluding that at least as to cases involving interstate voyages, the Jones Act is an act regulating commerce and therefore no jurisdictional amount is required.

FELA cases when the amount in controversy does not exceed $10,000.

The cases referred to earlier as holding or implying that the jurisdictional amount was requisite under 28 U.S.C. § 1331 did not consider the applicability of 28 U.S.C. § 1337 to the Jones Act. It is true that when the jurisdictional amount was being raised to $10,000 in federal question and diversity cases, the Senate Report No. 1830, 85th Cong.2d Sess. 1958, assumed that Jones Act cases were subject to the jurisdictional amount limitation. The Report of the Committee on Jurisdiction and Venue of the Judicial Conference of the United States made a similar assumption. 1958 U.S.Code Congressional and Administrative News, pp. 3099, 3122–23. But this assumption was not supported by any authority.

When the Third Circuit decided Imm v. Union R. R. Co., supra, it explicitly reserved the question whether the Jones Act, like the FELA, required any jurisdictional amount until it was presented with a Jones Act case. (p. 861). The Supreme Court left the question open when it noted in the Panama Railroad case, supra, 264 U.S. at 383, 44 S.Ct. at 392, that, "The case arose under a law of the United States and involved the requisite amount, if any was requisite."

■ Since the enactment of 28 U.S.C. § 1337, the phrase "any Act regulating commerce" has been construed to mean " * * * all acts whose constitutional basis is the commerce clause." Imm, supra, 289 F.2d 858, 860, and the long list of cases cited therein. The source of Congressional power for the authorization of the Jones Act is the power to prescribe the admiralty and maritime rules, to which the court has previously referred, and the power to regulate interstate commerce, Article 1, sec. 8, cl. 3. The Lottawana, 21 Wall. 558, 577, 88 U.S. 558, 577, 22 L.Ed. 654 (1875); O'Donnell v. Great Lakes Dredge & Dock Co., 318 U.S. 36, 39, 63 S.Ct. 488, 87

L.Ed. 596 (1943); Swanson v. Marra Brothers, 328 U.S. 1, 5, 66 S.Ct. 869, 90 L.Ed. 1045 (1946); Gillespie v. United States Steel Corp., 321 F.2d 518, 528 (6th Cir. 1963), affirmed, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964). "The Constitutional authority of Congress to provide such a remedy for seamen derives from its authority to regulate commerce, * * * and its power to make laws which shall be necessary and proper to carry into execution power vested by the Constitution * * * Article 1, § 8, cl. 18, including the judicial power which, by Article III, § 2 extends 'to all Cases of admiralty and maritime Jurisdiction.'" O'Donnell, supra, 318 U.S. at 39, 63 S.Ct. at 490. Similarly, Swanson, supra, says, "Congress in thus enlarging an admiralty remedy was exercising its constitutional power to regulate commerce * * *." 328 U.S. 1, 5, 66 S.Ct. 869, 871.[11]

While it is certainly true that the court has discussed this issue in jurisdictional terms, yet because a Jones Act action can always be heard in admiralty what is involved here is not the competence of the federal district court to determine this case but the practical matter of whether or not a jury will pass on these damage claims which do not exceed $10,000. In reality this is a matter of procedure, albeit, procedure determined by the interplay of jurisdictional statutes. See Currie, The Silver Oar and All That: A Study of the Romero Case, 27 Univ. of Chicago L.Rev. 1, 5, 56, 62, 65 (1959).

■ What the court does here might naturally be thought to have a burgeoning effect on court congestion, particularly the congestion of the calendars here in the Southern District of New York. More congestion does not appear certain as a result of this decision. In this connection it should be noted that the New York state courts suffer the same congestion which the federal courts

---

11. There is a voice to the contrary. See Comment, Jurisdictional Bases of Maritime Claims Founded on Acts of Congress, 18 Univ. of Miami L.Rev. 163

(1963) asserting that the Jones Act is not an act regulating commerce but that assertion is contrary to the Supreme Court decisions listed above.

so sadly lament. Thirteenth Annual Report, The Judicial Conference, State of New York (1968), p. 320–324. It might be supposed that court congestion and the policy delimiting jurisdiction expressed in § 1331—the requirement of a jurisdictional amount—would have persuasive command in this instance and lead the court to a contrary result in this case. But this supposition is based upon a misapprehension as to the effect of a contrary decision in this case. Where jurisdictional amount is required but is absent in a particular case, the case must be dismissed. Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001 (1939); Arnold v. Troccoli, 344 F.2d 842 (2d Cir. 1965). The effect of this dismissal is to unburden the federal court. But Jones Act cases would still remain cognizable on the admiralty side of this court. When an admiralty case is dismissed from the law side, the policy dictated by concern for judicial economy and lessening the burdens on seamen in trying to secure their rights is to transfer the case to admiralty. Cory Bros. & Co. v. United States, 51 F.2d 1010 (2d Cir. 1931); Cannella v. Lykes Bros. S.S. Co., 174 F.2d 794 (2d Cir.), cert. denied, 338 U.S. 859, 70 S.Ct. 102, 94 L.Ed. 526 (1949); McAfoos v. Canadian Pacific Steamships, Ltd. 243 F.2d 270, 272 (2d Cir.), cert. denied, 355 U.S. 823, 78 S.Ct. 32, 2 L.Ed.2d 39 (1957). Because this court hears plaintiff's claims in any event, whether at law or in admiralty, the possible increased congestion does not have the effect which one might have immediately supposed. The requirement (Rule 52, F.R.Civ.P.) that the court make findings of fact and state its conclusions of law in any case tried without a jury tends to equalize the amount of time required to try a Jones Act case whether tried by the court alone or with a jury.

Given the policy of the Seventh Amendment to the Constitution favoring trial by jury, federal courts are less apt to err by granting jury trials, where not prohibited, than by denying jury trials. See Byrd v. Blue Ridge Rural Elec. Coop., 356 U.S. 525, 537–539, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958). All the court does is to give plaintiff his jury trial, not out of its discretion but because of his right to it. Under the Jones Act, a seaman is entitled to a jury trial, unless he waives it, which is not the case here. While the court remains mindful that jurisdictional statutes are to be construed strictly, yet the Jones Act, itself, is to be construed liberally, Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 790, 69 S.Ct. 1317, 93 L.Ed. 1692 (1949), rehearing denied, 338 U.S. 839, 70 S.Ct. 32, 94 L.Ed. 513, and the seamen's right to trial by jury protected. Cf. Fitzgerald v. United States Lines Co., supra. The policy of the Jones Act is effectuated by protecting trial by jury which it guarantees to seamen. Accordingly, this small claim, like the ones in FELA cases, may proceed to a jury trial.