**S. M. STEIN ENTERPRISES, INC. d/b/a Pleasant Travel Service**

v.

**IRISH INTERNATIONAL AIR LINES.**

**Civ. A. No. 35883.**

United States District Court
E. D. Pennsylvania.

Dec. 8, 1964.

Melvin L. Fuhrman, Philadelphia, Pa., for plaintiff.

Fox, Rothschild, O'Brien & Frankel, Nochem S. Winnet, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

In this action, based on diversity and jurisdictional amount, plaintiff seeks equitable relief and monetary damages for an alleged breach of contract.

Presently before us is defendant's motion to dismiss for lack of jurisdiction over its person.

Service of process was accepted on behalf of defendant, "with the same force and effect as if served by the United States Marshal," by defendant's District Sales Manager, 1518 Walnut Street, Philadelphia. See Rule 4 of the Federal Rules of Civil Procedure and Rule 2180 of the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix.

It appears from defendant's supporting affidavit that defendant is a corporation organized and existing under the laws of Ireland, and is not registered to do business in Pennsylvania. Paragraph 4 of the affidavit states that defendant is not doing business in Pennsylvania in that it does not operate any flights in or over Pennsylvania, and in that it maintains no office in Pennsylvania, except that it has an office at 1518 Walnut Street, Philadelphia, "which is used solely for the sale of air transportation for its flights between Shannon, Ireland, New York, New York and Boston, Massachusetts."

Plaintiff is a Pennsylvania corporation with its principal place of business in Philadelphia.

■■ "The District Court, in diversity suits of this nature, must rely upon State standards of service of process." Giuliano v. Alitalia Airlines, Inc., 218 F.Supp. 78, 79 (E.D.Pa.1963), and cases there cited. Whether a foreign corporation is subject to the jurisdiction of a Pennsylvania court depends upon whether it is doing business within the Commonwealth which rests fundamentally upon a conclusion of ultimate fact. Lutz v. Foster & Kester Co., Inc., 367 Pa. 125, 127, 79 A.2d 222 (1951). The Court went on to state (p. 129, 79 A.2d p. 224):

> "One definitely recognized principle, presently important, is that the mere solicitation of business within the Commonwealth did not constitute 'doing business' within the meaning of the Act of 1851: Shambe v. Delaware & Hudson R.R. Co., 288 Pa. 240, 244, 135 A. 755; see also New v. Robinson-Houchin Optical Co., supra [357 Pa. 47, 53 A.2d 79]. There must be 'other activities' in addition to the solicitation of business to make a foreign corporation's conduct the doing of business within the Commonwealth, as this court recognized in New v. Robinson-Houchin Optical Co., supra, upon quoting from International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, to like effect. Such 'other activities' do not consist of acts of courtesy performed by business solicitors, without compulsion, in order to satisfy or accommodate customers. Nor do they reside in the number of solicitors employed or the character and extent of the facilities provided them for carrying on their solicitations such as office space and office equipment of desks, typewriters, filing equipment and telephones, or in the identification of the company or its representatives emblazoned on the office door or printed in the telephone directory. The criterion is, rather, whether the local solicitors have authority to bind the foreign corporation by which they are employed."

■■ Defendant's Philadelphia office, by defendant's own admission, "is used solely for the sale of air transportation." It is, therefore, "doing business" within the jurisdiction. As Chief Judge Clary stated in Giuliano v. Alitalia, supra, 218 F.Supp. at p. 81, " * * * Alitalia is not able to escape the consequences of the fact that it has employees in Pennsylvania who are selling tickets and thus, binding the company." A sale, whether of tickets or "transportation," is a contract, and authority to contract is necessarily authority to bind.

### ORDER

Now, December 7th, 1964, it is ordered and decreed that defendant's motion to dismiss for lack of jurisdiction be, and it is, denied.