Charles M. FRALEY, Appellant,

v.

The **CHESAPEAKE AND OHIO RAIL-
WAY COMPANY, a corporation.**

No. 16576.

United States Court of Appeals
Third Circuit.

Argued Dec. 7, 1967.

Decided June 14, 1968.

Michael R. Stabile, Jr., McArdle & Mc-Laughlin, Pittsburgh, Pa. (James E. Mc-Laughlin, Pittsburgh, Pa., on the brief), for appellant.

E. V. Buckley, Mercer & Buckley, Pittsburgh, Pa., for appellee.

Before KALODNER, HASTIE and SEITZ, Circuit Judges.

## OPINION OF THE COURT

KALODNER, Circuit Judge.

The District Court dismissed plaintiff's Federal Employers' Liability Act [1] suit on the assigned ground that it lacked "judicial jurisdiction" because in its view defendant was not "doing business" in the Western District of Pennsylvania.

The issue presented is whether the District Court erred in failing to require defendant to answer plaintiff's interrogatories designed to elicit the scope of activities of defendant's offices in Pittsburgh and Philadelphia, Pennsylvania, in view of the critical impact of such activities on the question as to whether defendant was subject to the *in personam* jurisdiction of the District Court under the "doing business" doctrine.

The relevant facts adduced by the record are as follows:

Plaintiff, a resident of Huntingdon, West Virginia, is an employee of the defendant railroad, a Virginia corporation. He filed a Complaint under the Act in the Western District of Pennsylvania for injuries allegedly sustained during his employment by the defendant in Charleston, West Virginia. The Complaint alleged that the defendant maintained an office at 3 Gateway Center, Pittsburgh, Pennsylvania, and was doing business in the Western District of Pennsylvania. Service of the Complaint was made at the stated office of the defendant, in the manner provided by Rule 4(d) (3), Federal Rules of Civil Procedure.

The defendant moved to dismiss the Complaint and for Summary Judgment, alleging that the District Court lacked jurisdiction for the reasons that (1) defendant is a Virginia corporation with its principal office in the City of Richmond, Virginia; and "is not doing business within the Commonwealth of Pennsylvania within the meaning of the due process requirements of the Federal Constitution, nor under the applicable Pennsylvania law"; and (2) "neither the plaintiff nor the defendant are residents of the Western District of Pennsylvania; and *this action, being based solely on the diversity of citizenship,* is therefore not properly brought in the said Western District of Pennsylvania under the venue provisions of the Act of Congress, 28 U.S.C.A. Section 1391".[2] (emphasis supplied)

The defendant filed two affidavits in support of its Motion, one by T. H.

---

1. 45 U.S.C.A. §§ 51–60.

2. The second stated point of defendant's Motion disregards the fact that the Complaint explicitly stated that jurisdiction was based on the Act. It must also be noted that the District Court did not advert to it in dismissing the Complaint, and the defendant has not raised it here.

Keelor, its corporate Secretary, and the other by Roland L. Schilke, in charge of its office at 3 Gateway Center, Pittsburgh.

Keelor's affidavit stated, inter alia, that the defendant "has no railroad lines or tracks nor does it operate any trains, cars or other equipment in, on or across the State of Pennsylvania, nor has it so operated same at any time", and "has no office, agents, or representatives in the State of Pennsylvania, nor has it had at any time, *except offices located in Pittsburgh and Philadelphia, with person or persons located at these offices for the purpose of soliciting business to be transported over the Company's lines in interstate commerce, said Railway Company participating only in such interstate commerce insofar as the same may be routed over said Railway Company's lines outside of the State of Pennsylvania"*. (emphasis supplied)

Schilke's affidavit stated that he is employed by the defendant in charge of its Pittsburgh office; that he and his assistants "are employed by said defendant for the sole purpose of inducing persons to ship or cause to be shipped over the road of said defendant in states other than Pennsylvania, said office being maintained and said persons employed to solicit business for said defendant to be transported over its lines wholly outside of * * * Pennsylvania. * * * ".

On review of the record we are of the opinion that the District Court erred in refusing to direct defendant to answer plaintiff's interrogatories designed to elicit the range of operations of defendant's offices in Pennsylvania, in view of defendant's statements in its affidavits that such offices were maintained "for the purpose of soliciting business". The range of activities of defendant's offices was critical to ascertaining whether they were of sufficient dimension to constitute "minimum contacts" or "doing business" in Pennsylvania, with consequential establishment of *in personam* jurisdiction in the Western District of Pennsylvania.

The relevance of the scope of activities of a non-resident corporation in the forum state in determining whether it is subject to *in personam* jurisdiction of the forum is well-settled.[3]

It is further settled that such a corporation is subject to the forum's *in personam* jurisdiction if it has "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'", and that "continuous systematic" activities, as distinguished from "single or isolated items of activities" are a significant factor.[4]

It must be noted that while the principles stated were announced by the Supreme Court in diversity jurisdiction cases they are now generally regarded as applicable in cases grounded on a federal claim.[5]

It has been held that " * * * insofar as cases are governed by federal law, the question of whether they are to be tried in one locality or another is now to be tested * * * simply by basic principles of fairness".[6]

We must here observe that the District Court by its reference to Pennsylvania statutory and decisional law in its Opinion,[7] indicated that it regarded Pennsylvania law as controlling in determining the question of its jurisdic-

3. McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); United States v. Scophony Corporation of America, et al., 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091 (1948); International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Lone Star Package Car Co., Inc. v. Baltimore & O. R. Co. et al., 212 F.2d 147 (5 Cir. 1954).

4. International Shoe Co. v. State of Washington, 326 U.S. 316, 317, 66 S.Ct. 158, 159, 90 L.Ed. 95.

5. Lone Star Package Car Co., Inc. v. Baltimore & O. R. Co., 212 F.2d 147, 155 (5 Cir. 1954).

6. Ibid.

7. 264 F.Supp. 184 (W.D.Pa.1967).

tion.[8] It erred in this respect since federal law is applicable in determining the issue of *in personam* jurisdiction where the complaint, as here, asserts a federal right,[9] and personal service of process was made in accordance with the provisions of Rule 4(d) (3) of the Federal Rules of Civil Procedure.

■ It should further be noted that the parties on this appeal agree that federal law is controlling in determining the question as to whether defendant was "doing business" in the Western District of Pennsylvania so as to establish *in personam* jurisdiction and venue. It should also be observed that the parties have mistakenly treated section 6 of the Federal Employers' Liability Act[10] as a jurisdictional statute instead of a venue provision, in disregard of the explicit ruling in Baltimore & Ohio Railroad Co. v. Kepner, 314 U.S. 44, 52, 62 S.Ct. 6, 9, 86 L.Ed. 28 (1941) that "Section 6 establishes venue for an action in the federal courts".[11]

This too, must be said.

On this appeal plaintiff contends that, standing alone, the soliciting of business, disclosed by defendant's affidavits, constitutes "doing business", thus establishing the District Court's *in personam* jurisdiction. We do not deem it necessary to consider that contention at this time in view of our disposition.

For the reasons stated the Order of the District Court dismissing plaintiff's

action will be reversed and the cause remanded to the District Court with directions to require defendant to answer plaintiff's interrogatories insofar as they relate to the range and scope of operation of defendant's Pittsburgh and Philadelphia, Pennsylvania offices, and to further proceed in accordance with this Opinion.[12]

---

8. The District Court did not avert, in its Opinion, to the fact that the Complaint premised jurisdiction under the Federal Employers' Liability Act.

9. In Angel v. Bullington, 330 U.S. 183, at page 192, 67 S.Ct. 657, at page 662, 91 L.Ed. 832 (1947) the Court said: "Of course, where resort is had to a federal court not on grounds of diversity of citizenship but because a federal right is claimed, the limitations upon the courts of a State do not control a federal court sitting in the State. Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743". And see Hartley v. Sioux City and New Orleans Barge Lines, Inc., 379 F.2d 354, 356 (3 Cir. 1967).

10. 45 U.S.C.A. § 56. This section provides in relevant part that a railroad employee's action for personal injuries " * * * may be brought in a district court of the United States * * * in which the defendant shall be *doing business* at the time of commencing such action". (emphasis supplied)

11. See too, Imm v. Union Railroad Company, 289 F.2d 858, 859 (3 Cir. 1961).

12. Attention may be directed to these recent decisions: S. M. Stein Enterprises, Inc. v. Irish International Air Lines, 236 F.Supp. 71 (E.D.Pa.1964); Giuliano v. Alitalia Airlines Inc., 218 F.Supp. 78 (E.D.Pa.1963); Goldberg v. Mutual Readers League, Inc., 195 F.Supp. 778 (E.D.Pa.1961).