**MOSSNER PORSCHE AUDI, INC.,**
**Plaintiff,**

v.

**VOLKSWAGENWERK, A. G., et al.,**
**Defendants.**

**No. 74–C–450.**

United States District Court,
E. D. Wisconsin.

June 27, 1975.

Charne, Glassner, Tehan, Clancy & Taitelman by William E. Glassner, Jr., Milwaukee, Wis., for plaintiff.

Stafford, Rosenbaum, Rieser & Hansen by William F. Nelson, Madison, Wis., Ross, Hardies, O'Keefe, Babcock & Parsons, of counsel, Chicago, Ill., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff filed a five-count complaint in this action against Volkswagenwerk, A.G. (VWAG), a German corporation, and against three American

defendants. The action arises from the plaintiff's relationship as a franchised automobile dealer with the American defendants, Volkswagen of America, Inc. (VWoA), a subsidiary of VWAG, and Volkswagen North Central Distributor, Inc. (North Central), a subsidiary of VWoA. The third American defendant, Friedrich Hanau, is an officer of North Central and general manager of VWoA. The plaintiff alleges that the American defendants acted for and were under the control of VWAG as its agents with respect to the franchise relationship.

VWAG filed a motion under Rules 12(b)(2) and (6) Federal Rules of Civil Procedure, to dismiss the complaint for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. Before me are the plaintiff's motions for orders continuing the hearing of VWAG's motion to dismiss and extending the time for filing plaintiff's brief in response to the motion to dismiss, until the plaintiff has had an opportunity to take discovery. A motion of the American defendants pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss count IV of the complaint is ready for decision as well. I hold that the plaintiff's motions for continuance should be granted and the American defendants' motion to dismiss count IV should be denied.

## PLAINTIFF'S MOTIONS FOR CONTINUANCE

VWAG's motion to dismiss is based on the alleged absence of VWAG from the state of Wisconsin, and from any activities therein and on the claimed independent corporate identities of VWAG and the American corporate defendants. The motion is supported by the affidavit of Gerald C. Fallon, an employee of VWoA, which alleges the full and complete independence of VWoA from interference by VWAG, its corporate parent.

The plaintiff's motion for continuance of the motion to dismiss for failure to state a claim, pursuant to Rule 56(f), is supported by an affidavit which states that disposition of the motion to dismiss must turn on the nature of the business relationship between VWAG and VWoA and that the plaintiff requires additional time to take discovery in order to establish said relationship.

The plaintiff's motion for continuance of the motion to dismiss for lack of personal jurisdiction similarly bases the plaintiff's need for additional time for discovery on the plaintiff's inability to establish the extent of VWAG's corporate activities by affidavits.

Given the nature of the information needed by the plaintiff in order to respond to VWAG's motion to dismiss, that the information is within the control and possession of the defendants, and the foreign location of VWAG, a continuance for the purpose of permitting the plaintiff an opportunity to take discovery is particularly appropriate. Leasco Data Processing Equipment Corp. v. Maxwell, 468 F.2d 1326 (2d Cir. 1972); Fraley v. Chesapeake & Ohio Railway Company, 397 F.2d 1 (3d Cir. 1968). Accordingly, the plaintiff's motions for continuance should be granted; it should complete its discovery for this purpose and file its brief with the court within four months.

## MOTION TO DISMISS COUNT IV

Count IV of the complaint in this action alleges that the defendants have engaged in conduct amounting to unconscionable practices under § 218.01(3)(a) 11 of the Wisconsin statutes and requests this court to award the plaintiff treble damages and attorneys' fees pursuant to § 218.01(9) of the Wisconsin statutes. The American defendants' motion to dismiss alleges that the court lacks jurisdiction over the claim alleged in count IV. The defendants argue that the Wisconsin statute and the administrative law doctrines of prior resort and primary jurisdiction require that the initial determination of whether unconscionable practices under § 218.01(3)(a) 11 have been committed be made by the

Wisconsin division of motor vehicles (DMV). I believe the defendants have misread the statutory scheme.

 Section 218.01(9), which provides for civil damages, reads as follows:

"Any licensee suffering pecuniary loss because of a violation by any other licensee of sub. (3)(a) 4, 11, 15, 16, 17, 23 or 24 or because of any unfair practice found by the licensor under sub. (5)(a), may recover damages therefor in any court of competent jurisdiction in an amount equal to 3 times the pecuniary loss together with costs including a reasonable attorney's fee."

The statute requires an initial determination by the licensor (DMV) of claims based on unfair practices under subsection (5)(a), but no such requirement is imposed on claims based on unconscionable practices under subsection (3)(a) 11.

The defendants' administrative law arguments are based upon inapposite rate regulation cases in which more comprehensive regulatory statutes were applicable. Here, the DMV is given the authority to grant, revoke, or suspend licenses, but the plaintiff is not requesting the court to take any action with respect to licensing. The Wisconsin supreme court has not required, or even suggested, that courts should abstain from making determinations of § 218.01 violations in cases between private parties. Nagle Motors v. Volkswagen N. C. Distributor, 51 Wis.2d 413, 187 N.W.2d 374 (1971); Kuhl Motor Co. v. Ford Motor Co., 270 Wis. 488, 71 N.W.2d 420 (1955).

Presented with an unambiguous statute and a history of previous judicial determinations of § 218.01 violations, I believe the motion to dismiss must be denied.

Therefore, it is ordered that the plaintiff's motions for continuance be and hereby are granted. The plaintiff shall have four months from the date of this order in which to take discovery on the nature of the business relationship between the defendants and to serve and file its responsive brief in opposition to the motion to dismiss of Volkswagenwerk, A.G.

It is also ordered that the defendants' motion to dismiss count IV of the complaint be and hereby is denied.