504 F.Supp. 30 (1980)
Albert ADAMS,
v.
GOVERNOR'S COMMITTEE ON POST SECONDARY EDUCATION, An Instrumentality of the State of Georgia; Robert J. Leonard, Individually and as Executive Director of the Governor's Committee on Post Secondary Education; and W. Asbury Stembridge, Individually and as Chairman of the Governor's Committee on Post Secondary Education.
Civ. A. No. 79-4750.
United States District Court, E. D. Pennsylvania.
March 4, 1980.
B. C. Marles, Allentown, Pa., for plaintiff.
G. R. Hurst, Asst. Atty. Gen., Atlanta, Ga., Jerry Drew, Dept. of Justice, Commonwealth of Pa., Philadelphia, Pa., for Governor's Comm. Pa.

*31 MEMORANDUM AND ORDER
TROUTMAN, District Judge.
Defendant Governor's Committee on Post Secondary Education (Committee) hired plaintiff, a white male, as a senior planner in July, 1975. Two months later plaintiff's immediate supervisor, defendant Leonard, the executive director of the committee,[1] met plaintiff's black wife. Thereafter, plaintiff alleges, defendants subjected him to a systematic pattern of conduct designed to harass and discriminate against him and calculated to limit employment and promotional opportunities. Defendants also allegedly refused to recommend plaintiff for permanent employment because of "personal reasons" of defendant Leonard, who supposedly suggested that plaintiff resign in exchange for an offer of another position. When plaintiff refused, defendants dismissed him and told plaintiff that he had demonstrated unprofessional and unstable behavior and that his work performance was unsatisfactory.
Plaintiff accuses defendants of depriving him of his right to make and enforce a contract of employment, of robbing him of his right to full and equal rights under the law and the privileges and immunities guaranteed by the Constitution and laws of the United States and the State of Georgia, and of conspiring with each other to violate plaintiff's civil rights and to deny him opportunities for equal advancement and employment. After exhausting the procedures before the Equal Employment Opportunity Commission, plaintiff commenced this action to declare defendants' practices illegal and unconstitutional, to obtain back pay, to procure defendants' records and files concerning plaintiff, and to receive compensatory and punitive damages as well as attorney's fees.[2] Defendants, now moving to dismiss, contend that this Court lacks personal jurisdiction over them because defendants lack the "minimum contacts" required by the Due Process Clause.
To exercise jurisdiction consonant with due process over a non-resident defendant, a federal district court must find that "certain minimum contacts" exist between the non-resident defendant and the forum "such that maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), Kulko v. California, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). Determining whether a defendant's contacts are sufficient to meet the demands of due process requires weighing the facts of each case. At a minimum the Court must find "some act by which the defendant purposefully avails itself of the privilege of conducting activity within the forum ... thus invoking the benefit and protection of the laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). Additionally, the inquiry focuses not only upon the quantity, quality and nature of defendant's activities but also upon the relationship of those activities and the forum. Rush v. Savchuk, 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980), Kulko v. California Superior Court, supra, Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). A second consideration includes analysis of the contacts between the litigation and the forum. Rush v. Savchuk, supra, Shaffer v. Heitner, supra. Essentially, the question is whether requiring defendants to defend the suit in this forum is reasonable, fair and just. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), Rush v. Savchuk, supra, Shaffer v. Heitner, supra, International Shoe Co. v. Washington, supra.[3]
*32 Applying these principles to the facts in the case at bar suggest only one result. Plaintiff alleged in his complaint that all defendants reside in Georgia. Defendants' affidavits indicate that they own no personal or real property in Pennsylvania and that all of their dealings with plaintiff occurred in Georgia. In fact, the only connection that this litigation has with Pennsylvania is that plaintiff resided there when he filed his complaint. Clearly, "it cannot be said that [defendants] engaged in any purposeful activity relating to the forum that would make the exercise of jurisdiction fair, just or reasonable". Rush v. Savchuk, 444 U.S. at 329, 100 S.Ct. at 577. Nor are there any contacts between the litigation and the forum. Where, as here, defendants and the litigation have no contacts with the forum, due process will not permit the entry of a binding judgment against defendants who have had no "contacts, ties or relations" therewith. International Shoe Co. v. Washington, 326 U.S. at 319, 66 S.Ct. at 159, World-Wide Volkswagon Corp. v. Woodson, supra, Rush v. Savchuk, supra.
However, for the "convenience of the parties and witnesses [and] in the interest of justice", the matter will be transferred to the Northern District of Georgia, where the suit could have been filed. See 28 U.S.C. § 1404(a) and United States v. Berkowitz, 328 F.2d 358 (3d Cir.) cert. denied, 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964).
NOTES
[1] Defendant Stembridge is chairman of the committee.
[2] Plaintiff invokes the jurisdiction of this Court under 28 U.S.C. § 1343 and 42 U.S.C. § 2000e et seq. (Title VII) and specifically alleges violations of Title VII, the Civil Rights Act of 1870, 42 U.S.C. § 1981, the Civil Rights Act of 1871, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986.
[3] True, International Shoe and its progeny discuss in personam jurisdiction of state courts. However, the standards set forth in these decisions apply to the jurisdiction of federal courts as well. Fraley v. Chesapeake & Ohio Railway, 397 F.2d 1 (3d Cir. 1968).