Michael L. MCMULLEN,
et al., Plaintiffs,

v.

EUROPEAN ADOPTION CONSUL-
TANTS, INC., and Margaret
Cole, Defendants.

No. CA 99–302 ERIE.

United States District Court,
W.D. Pennsylvania.

Aug. 17, 2000.

Andrew J. Conner, Conner & Riley, Erie, PA, Schellart H. Los, Gent, Gent & Snyder, Franklin, PA, for Michael L. McMullen, on behalf of Christopher A. McMullen, plaintiff.

Keith M. Pemrick, Dale, Woodard, Montgomery, Greenfield & Pemrick, Franklin, PA, Barbara Fiedman Yaksic, Benesch, Friedlander, Coplan & Aronoff, Cleveland, OH, G. Jay Habas, Marshall,

Dennehey, Warner, Coleman & Goggin, Erie, PA, for European Adoption Consultants, Inc., defendant.

## MEMORANDUM OPINION AND ORDER

COHILL, Senior District Judge.

Plaintiffs' Michael L. and Susan K. McMullen allege breach of contract and related tort claims arising out of their adoption of a Russian child, Christopher McMullen, through defendant adoption agency European Adoption Consultants ("EAC"). This action was removed to federal court pursuant to 28 U.S.C. § 1446(d). We have diversity jurisdiction over EAC under 28 U.S.C. § 1332, and personal jurisdiction over EAC is not in dispute. Margaret Cole, executive director of EAC, is also a defendant. She has filed a motion to dismiss all claims against her on two grounds: for lack of personal jurisdiction, and because the alleged actions were taken in her capacity as an employee of defendant corporation.

We write here to address the framework for jurisdictional discovery in this matter.

### Applicable Standard

■ Considerations of due process require that a non-resident defendant have certain minimum contacts with the forum state, so that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

■ Personal jurisdiction may be general or specific. General personal jurisdiction arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated. The due process requirements for general personal jurisdiction require a showing of continuous and systematic contacts between the defendant and the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 412–13, 414 nn. 8 & 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Where,

as here, plaintiff's claim is related to or arises out of the defendant's contacts with the forum, specific personal jurisdiction comports with due process provided that the minimum contacts standard is met. It has long been recognized that minimum contacts to support specific jurisdiction exist only where the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

■■■ The requirement that there be minimum contacts is grounded in fairness. It assures that "the defendant's conduct and connection with the forum State [is] such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). At all times, the inquiry must focus on "the relationship among the defendant, the forum, and the litigation." *Rush v. Savchuk*, 444 U.S. 320, 327, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980) (*quoting Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977)). Even a single act can support jurisdiction, so long as it creates a "substantial connection" with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

■■■ Where a defendant properly raises a lack of personal jurisdiction defense, the burden falls upon the plaintiff to demonstrate sufficient contacts with the forum state. *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir.1984) (*quoting Compagnie des Bauxites de Guinee v. L'Union*, 723 F.2d 357 (3d Cir.1983)). To meet this burden, plaintiffs "must come forward with sufficient jurisdictional facts by affidavit, depositions or other competent evidence to establish the court's jurisdiction over the defendant." *National Precast Crypt Co. v. Dy–Core of Pennsylvania, Inc.*, 785 F.Supp. 1186, 1189 (W.D.Pa.1992).

■■■ Plaintiffs are generally permitted to conduct limited discovery relevant to the question of personal jurisdiction. *Renner v. Lanard Toys, Ltd.*, 33 F.3d 277, 284 (3d Cir.1994) (*citing Fraley v. Chesapeake & Ohio Ry. Co.*, 397 F.2d 1, 3 (3d Cir. 1968)). The parties here disagree as to whether jurisdictional discovery may include documents pertaining to defendants' conduct after October of 1992, the date of the adoption which is at the heart of this case.

Plaintiffs seek jurisdictional discovery relating to the conduct of both defendants in Pennsylvania before, during, and after the adoption. Defendants assert that since the allegations in the complaint arise from Christopher's medical condition at the time of the adoption in 1992, any discovery regarding Ms. Cole's contacts with Pennsylvania beyond that point is irrelevant. They further contend that any further discovery as to EAC is unnecessary, since personal jurisdiction over that defendant is not contested.

We will address these issues *seriatim.*

### Temporal Scope of Jurisdictional Discovery

As the Second Circuit recently observed, there is a dearth of caselaw on the appropriate time frame for assessing whether a defendant's contacts with the forum are sufficient for purposes of personal jurisdiction. *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 569 (2d Cir. 1996). The *Metropolitan Life* court was faced with deciding which contacts to consider to support general jurisdiction. That court determined that the few cases addressing the time frame for minimum contacts in cases of general personal jurisdiction compelled the conclusion that "district courts should examine a defendant's contacts with the forum state over a period that is reasonable under the circumstances—up to and including the date the suit was filed...." *Id.* at 569. Other jurisdictions faced with a question of general personal jurisdiction over a foreign defen-

dant have also examined the defendant's contacts with the forum state over a broad timeframe. *See, e.g., Wilson v. Belin,* 20 F.3d 644 (5th Cir.1996) (five year period); *Bearry v. Beech Aircraft Corp.,* 818 F.2d 370, 374 (5th Cir.1987) (five year period); *Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1329–31 (9th Cir.1984) (three year period).

The matter before us, however, presents a clear case of specific jurisdiction, and the few cases which have addressed the time frame for minimum contacts in this context are less consistent. Some courts have considered a broad range of contacts to be relevant. The Court of Appeals for the Third Circuit has found that the minimum contacts inquiry may include events occurring before, during and after the event giving rise to the cause of action. *Mellon Bank (East) PSFS v. Farino,* 960 F.2d 1217, 1224 (3d Cir.1992). *See also Logan Productions, Inc. v. Optibase, Inc.,* 103 F.3d 49, 53 (7th Cir.1996) (finding post-contract conduct between defendant and the forum relevant to determination of whether defendant intended to serve the Wisconsin market); *Educational Testing Service v. Katzman,* 631 F.Supp. 550, 555–56 (D.N.J.1986) (rejecting defendant's argument that the timeframe for jurisdictional discovery should end with the filing of the lawsuit, and broadening discovery to include post-complaint contacts between defendant individual and the forum).

Defendants cite to *Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas,* 675 F.2d 587, 588 (3d Cir.1982), for the proposition that we must restrict our analysis to contacts relating to Christopher's adoption. That decision held that only contacts related to the conduct giving rise to the claims asserted in the complaint were relevant to specific jurisdiction. However, *Reliance Steel* was decided before the United States Supreme Court directly addressed the minimum contacts required for specific personal jurisdiction in *Burger King.* The Supreme Court emphasized the need for a "highly realistic" approach that recognizes that a contract cannot always be separated from prior negotiations and subsequent consequences. *Burger King,* 471 U.S. at 479, 105 S.Ct. 2174 (citing *Hoopeston Canning Co. v. Cullen,* 318 U.S. 313, 316–17, 63 S.Ct. 602, 87 L.Ed. 777 (1943)). Furthermore, the Third Circuit has since determined that a court may consider a broader range of contacts. *Mellon Bank,* 960 F.2d 1217 (3d Cir.1992). Thus we do not accept defendants' argument that the holding in *Reliance Steel* controls our decision here.

Our research has found a handful of other decisions which have concluded that only contacts prior to the event causing the litigation may be considered. *See, e.g., Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.,* 907 F.2d 911, 913 (9th Cir. 1990) (reasoning that consideration of post-accident investigation contacts would deter settlement of insurance liability and indemnity cases); *United States v. Investronica, Inc. Nielsen v. Sioux Tools, Inc.,* 870 F.Supp. 435, 439–40 (D.Conn.1994) (finding post-contamination contacts not relevant to specific personal jurisdiction for purposes of liability under CERCLA). Neither of these decisions is binding upon this Court, and we do not find their reasoning persuasive.

██ The absence of a bright-line rule establishing a temporal framework for the minimum contacts analysis strongly reinforces the fact-specific, case-by-case nature of all jurisdictional analysis. We are persuaded that a broader timeframe, encompassing the time the complaint was filed, is appropriate here.

██ A jurisdictional inquiry turns on whether the relationship between the defendant and the forum shows that she has purposefully availed herself of the opportunity to do business in Pennsylvania. Thus whether the defendant has continued to provide adoptive services and information to Pennsylvania residents after the date of the McMullen adoption, would be relevant to our decision. Accordingly, we will permit the plaintiffs to conduct limited jurisdictional discovery as to Margaret Cole's contacts with the forum until the date the complaint in this action was filed.

### Jurisdictional Discovery as to EAC

Defendants' further contend that even if jurisdictional discovery on post-adoption conduct is permitted, such discovery should be prohibited as to EAC, since our jurisdiction over that defendant is not at issue. We agree with the defendants on this point. A court must determine the question of personal jurisdiction separately as to each defendant, and therefore EAC's contacts with the forum are irrelevant to the question of whether we may assert specific personal jurisdiction over Margaret Cole. The number and quality of contacts required for specific jurisdiction is far less stringent than for general jurisdiction, but it does not encompass the minimum contacts of another defendant. Accordingly, we will permit jurisdictional discovery relevant to Ms. Cole's post-adoption contacts with the Commonwealth of Pennsylvania, but find that EAC's contacts with Pennsylvania after the date of the adoption are not relevant to our determination of whether we may assert specific personal jurisdiction over Ms. Cole.

### Plaintiffs' Discovery Motions

The docket shows that plaintiffs have filed three outstanding discovery motions at Document numbers 17, 19, and 29. We will grant those motions in part and deny them in part, in accordance with this Opinion.

An appropriate Order follows.

AND NOW, to-wit, this 17th Day of August, 2000, IT IS HEREBY ORDERED AS FOLLOWS:

1. Plaintiffs' motions seeking production of jurisdictional documents filed at Doc. No. 19 and 29 be and hereby are GRANTED IN PART and DENIED IN PART consistent with this Opinion. Plaintiffs may conduct limited jurisdictional discovery as to Margaret Cole's contacts with Pennsylvania up to the date of the filing of the Complaint in this matter. Jurisdictional discovery as to EAC's activities in Pennsylvania is not relevant to our personal jurisdiction over Ms. Cole.

2. All jurisdictional discovery shall be completed on or before October 2, 2000.

3. Defendants' motion to dismiss as to Margaret Cole (Doc. 7) be and hereby is DENIED WITHOUT PREJUDICE. We note that the motion as presently filed argues improper service of process, and that the parties have stipulated that this issue has been resolved. Defendants may file a new motion to dismiss, asserting all grounds for dismissal, on or before October 2, 2000. Plaintiffs shall file a response within twenty (20 days) of that date, and defendants may file a reply within ten (10) days.

4. Plaintiffs' Motion Per Rule 4(m) (Doc. 17) was resolved by Order dated February 29, 2000, in which we granted the parties' stipulation regarding service of process; accordingly, Doc. 17 be and hereby is DENIED AS MOOT.