

Opinions of the United
States Court of Appeals
for the Third Circuit

9-5-2002

# Base Metal Trading v. OJSC

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3348

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Base Metal Trading v. OJSC" (2002). *2002 Decisions.* Paper 554.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/554

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


NO. 01-3348


BASE METAL TRADING LTD.,

Appellant

v.

OJSC "NOVOKUZNETSKY ALUMINUM FACTORY";

*NOVARCO LTD.,

Intervenor

*(Pursuant to Court dated 8/7/01)


On Appeal From the United States District Court
For the  District of New Jersey
(D.C. Civil Action No. 01-cv-01085)
District Judge:  Honorable Joseph E. Irenas


Argued August 15, 2002

BEFORE:  AMBRO, and STAPLETON, Circuit Judges,
and O'NEILL, District Judge*

(Opinion Filed:   September 5, 2002)

_____

*  Honorable Thomas N. O'Neill, Jr., United States District Judge, Eastern District of
Pennsylvania, sitting by designation.

Bruce S. Marks  (Argued)
Dennis Scanlon
Marks & Sokolov, LLC
1835 Market Street, 28th Floor
Philadelphia, PA  19103

Attorneys for Appellant
Base Metal Trading, Ltd.

William M. Tambussi
Joseph T. Carney  (Argued)
Brown & Connery, LLP
360 Haddon Avenue
P. O. Box 539
Westmont, NJ  08108

Attorneys for Appellee
OJSC "Novokuznetsky Aluminum Factory"

David P. Langlois
Piper Rudnick
1251 Avenue of the Americas
29th Floor
New York, NY  10020

Attorney for Intervenor
Novarco, Ltd.


OPINION OF THE COURT



STAPLETON, Circuit Judge:

Appellant, Base Metal Trading Ltd. ("Base Metal"), challenges the District Court's dismissal of its suit for lack of personal jurisdiction over the defendant OJSC Novokuznetsky Aluminum Factory ("NKAZ"), and the District Court's denial of Base Metal's request for jurisdictional discovery.  We will affirm.

I.

Base Metal is a Guernsy, Channel Island, Great Britain corporation which trades in raw materials associated with the aluminum industry.  NKAZ is a Russian corporation engaged in the manufacture and sale of aluminum.

Base Metal seeks to have a Russian arbitration award confirmed and enforced by the United States District Court for the District of New Jersey.  The Russian arbitration award was entered by the Commercial Arbitration Court of the Moscow Chamber of Commerce in December 1999.  The arbitration award arose from a dispute that is unrelated to any conduct or property in New Jersey or the United States.  Two issues are presented in this appeal: (1) whether the District Court had personal jurisdiction over NKAZ under Federal Rule of Civil Procedure 4(k)(2); and (2) whether the District Court abused its discretion in refusing to permit jurisdictional discovery.

In support of its assertion that the District Court had personal jurisdiction over NKAZ, Base Metal submitted an affidavit from Dimitry Chirakadze.  Chirakadze was the General Director of NKAZ from 1995 to 1996 and the Vice President of NKAZ's managing company from 1998 until February 2000.  App. at 126.  Chirakadze submitted the following information relating to NKAZ's contacts with the United States:

> NKAZ negotiated with ALCOA about the prospective reconstruction of the smelting production facilities at NKAZ and a potential joint venture between the two companies.  Individuals from NKAZ traveled to Pittsburgh on approximately two occasions but no deal was ever made.
> Chirakadze attended a trade show in Chicago in 1995.
> NKAZ officials went to Washington DC on one occasion to solicit business.
> In 1994 and 1995 NKAZ purchased secondary aluminum from a U.S. company.
> Aluminum manufactured by NKAZ was shipped to New Orleans.
> Aluminum manufactured by NKAZ was shipped to Baltimore.
> Aluminum manufactured by NKAZ was shipped to New Jersey.

This Court reviews a dismissal of a suit due to lack of personal jurisdiction de novo.  IMO Ind., Inc v. Kiekert AG, 155 F.3d 254, 258 (3d Cir. 1998).  A District Court's denial of a request for jurisdictional discovery is reviewed for abuse of discretion.  Fraley v. Chesapeake & O.R. Co., 397 F.2d 1 (3d Cir. 1968).

II.

Rule 4(k)(2) states:

> [i]f the exercise of jurisdiction is consistent with the
> Constitution and laws of the United States, serving a
> summons . . . is also effective, with respect to claims arising

under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

In order to establish that the District Court had personal jurisdiction over NKAZ pursuant to this rule, Base Metal must demonstrate that (1) its claim arises under federal law, (2) NKAZ is beyond the jurisdictional reach of any state court of general jurisdiction, and (3) the federal courts' exercise of personal jurisdiction over the defendant does not offend the Constitution or other federal law.  United States v. Swiss American Bank, Ltd., 191 F.3d 30, 40 (1st Cir. 1999).  The parties agree that Base Metal's claim arises under federal law.  They dispute which party bears the burden of proving the NKAZ is beyond the jurisdictional reach of any state court of general jurisdiction, otherwise known as the negation requirement.  Because we agree with the District Court that the third requirement of Rule 4(k)(2) was not satisfied, we do not reach the negation issues.

Due Process requires that a defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  For these minimum contacts to exist, there must "be some act by which the defendant purposely avails itself of the privilege of conducting activities withing the forum, thus invoking the benefits and protections of its laws."  Hanson v. Denckla, 357 U.S. 235, 253 (1958).

There are two types of personal jurisdiction that a court may assert over a defendant, specific or general.  "Specific personal jurisdiction exists when the defendant has 'purposely directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities."  BP Chemicals Ltd. v. Formosa Chemical & Fibre Corp., 229 F.3d 254, 259 (3d Cir. 2000).  Both parties agree that specific personal jurisdiction is inapplicable here.  "General personal jurisdiction exists when the defendant's contacts with the forum, whether or not related to the litigation, are 'continuous and systematic."  Id.  Any jurisdiction under Rule 4(k)(2) in this matter must be general personal jurisdiction.  In order to determine whether general jurisdiction exists under Rule 4(k)(2), a court examines the defendant's nationwide contacts to determine if they are sufficient to support a holding that those contacts constitute "continuous and systematic" presence in the United States.  Id.

                                        III.

Base Metal's Opening Brief before us describes the nature of its appeal as follows:

> The District Court erred by failing to properly apply the legal standard for granting jurisdictional discovery because it did not take into consideration the nature and extent of Novokuznetsky Aluminum Zavod's (NKAZ) United States contacts to determine whether Base Metal Trading, Ltd.'s (Base Metal) claim to jurisdiction was "not clearly frivolous."  Base Metal sought only to meet its obligations of showing personal jurisdiction by conducting a limited inquiry into the contacts that could reasonably be said to flow from NKAZ's known contacts and affiliates in the United States so as to demonstrate that NKAZ is continuously and systematically conducting business in this country and thereby establishing general jurisdiction, pursuant to Fed.R.Civ.P. 4(k)(2).

> Ultimately this case is Base Metal's effort collect a $12 million private commercial arbitration award, pursuant to the 1958 New York Convention on Enforcement of Foreign Arbitral Awards.  Base Metal brought this action in the United States because it traced NKAZ business activity to this country, including solicitation of business, purchases from United States companies, and shipments to several seaports, including New Jersey, New Orleans and Baltimore.

The validity of the underlying award has never been challenged nor has NKAZ disputed any of its many contacts with the United States, as detailed in plaintiff's affidavits.

Appellant's Brief pp. 2-3.

This characterization of its appeal reflects the jurisdictional theory Base Metal argued to the District Court in this case and to the Fourth Circuit Court of Appeals in Base Metal Trading v. OJSC Novokuznetsky Aluminum, 283 F.3d 208 (4th Cir. 2002), a case involving the same parties and a very similar record:  The contacts of NKAZ reflected in the record, including those described in the affidavit and the presence in New Jersey of aluminum T-bars owned by it, are sufficient "to demonstrate that NKAZ is continuously and systematically conducting business in the" United States, and even if they aren't, they are sufficient to warrant jurisdictional discovery.

The District Court found that the contacts of NKAZ reflected in the record did not come close to demonstrating a "continuous and systematic presence in the United States."  App. pp. 103, 105.  Indeed, the Court determined that there had not been even a "minimal showing [that] there [was] a reasonable basis to think there might be jurisdiction" and refused to permit what it characterized as "a fishing expedition."  App. 106.

The Court of Appeals for the Fourth Circuit reached similar conclusions:

. . .Even when the allegations and declarations before the district court are credited, the contacts relied upon by Base Metal are insufficient. . . .  As we have explained, NKAZ's alleged contacts with the United States appeal sparse and limited to a few shipments of aluminum arriving in American ports. . . . Therefore, a finding of jurisdiction in this case would turn the notion of "fair play and substantial justice" on its head.3

3Base Metal also contends that the district court abused its discretion by failing to permit jurisdictional discovery.  However, the decision of whether or not to permit jurisdictional discovery is a matter committed to the sound discretion of the district court.  See, e.g., Cent. States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp., 230 F.2d 934, 946 (7th Cir. 2000); Erdmann v. Preferred Research, Inc.., 852 F.2d 788, 792 (4th Cir. 1988).  And where, as here, the plaintiff simply wants to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction, we see no reason to overturn the district court's exercise of discretion.

For essentially the reasons given by the District Court and the Fourth Circuit, we agree with their resolution of the issues here presented.

IV.

Base Metal has advanced an additional argument before us that it did not press in the District Court or before the Fourth Circuit:  Even if NKAZ does not have a continuous and systematic presence in the United States, the presence of aluminum T-bars owned by it in New Jersey provides a sufficient and independent basis of jurisdiction because a proceeding to confirm and enforce a foreign arbitration award in a jurisdiction where the award debtor has property is the same as a proceeding to execute on an in personam judgment in a jurisdiction where the judgment debtor has property.  In neither case, according to Base Metal, is the continuous and systematic presence of the opposing party necessary.  In support of this theory, Base Metal relies upon footnote dicta in Shaffer v. Heitner, 433 U.S. 186, 210-11 n. 36 (1977), which it did not press

before the District Court.

An appellant cannot "advance new theories or raise new issues in order to secure a reversal of the lower court's determination." Union Pacific Railroad Co. v. Greentree Transportation Trucking Co., 293 F.3d 120, 126 (3d Cir. 2002). Accordingly, we decline to address this issue which could and should have been directed to the District Court.

V.

The District Court's order of August 7, 2001, will be affirmed. _____

TO THE CLERK:

Please file the foregoing Not Precedential opinion.


/s/  Walter K. Stapleton
Circuit Judg